UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: PORSCHE CARS NORTH           Case No.  2:11-md-2233
AMERICA, INC. PLASTIC COOLANT
TUBES PRODUCTS LIABILITY
LITIGATION          JUDGE GREGORY L. FROST
         Magistrate Judge E.A. Preston Deavers

This document relates to: ALL CASES.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion for Entry of Order Regarding Production of Electronically Stored Information ("ESI") (ECF No. 51), Defendant Porsche Cars North America, Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Entry of Order Regarding Production of Electronically Stored Information ("ESI") (ECF No. 56), and Plaintiffs' Reply Memorandum in Support of Motion for Entry of Order Regarding Production of Electronically Stored Information ("ESI") (ECF No. 61).  For the reasons that follow, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' motion.

### I.  Background

On July 26, 2011, the Court issued an order in which it *sua sponte* stayed all discovery save for jurisdictional discovery involving Plaintiffs and Defendant Dr. Ing. h. c. F. Porsche Aktiengesellschaft ("Porsche AG").  The Court stated: "The parties [Plaintiffs and Defendant Porsche Cars North America, Inc. ("PCNA")] shall meet and confer within fourteen days from the filing of the consolidated amended complaint regarding *any need for conducting discovery unrelated to the personal jurisdiction issue* and shall inform the Court of the results of that meeting."  (ECF No. 19 at 7; ECF No. 20 (emphasis added).)

1

Notwithstanding this Order, Plaintiffs sent PCNA a copy of their proposed Stipulation Establishing Electronic Discovery Protocol ("Proposed Stipulation") on September 13, 2011.[1] PCNA responded that Plaintiffs' Proposed Stipulation was premature and refused to agree to Plaintiffs' terms. On November 18, 2011, Plaintiffs filed the current motion requesting an order regarding the production of ESI.

Plaintiffs raised the issue of non-jurisdictional discovery with the Court in a telephone status conference on December 15, 2011. At that time, the Court reiterated that discovery unrelated to personal jurisdiction would not proceed until it lifted the stay.

PCNA filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on January 6, 2012 (ECF No. 62), and Porsche AG filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6) that same day (ECF No. 63 and ECF No. 64). On January 12, 2012, the Court issued an order that, among other things, set a schedule for jurisdictional discovery regarding Porsche AG's motion to dismiss. (ECF No. 67.) Nothing in the Court's January 12 Order lifted the discovery stay or otherwise permitted the parties to engage in non-jurisdictional discovery.

Plaintiffs now seek an order setting forth the parties' responsibilities regarding all electronic discovery in this litigation. PCNA argues that Plaintiffs' Proposed Stipulation is premature and, alternatively, that Plaintiffs' Proposed Stipulation is overly burdensome. The main points of contention regarding the Proposed Stipulation involve the production of ESI in native format, metadata, and miscellaneous items such as an "ESI liaison." The Court will

---

[1] Plaintiffs had previously sent the Stipulation to PCNA on May 2, 2011, prior to the Court's July 26 Order staying discovery.

address each of these issues in turn.

## II. Discussion

Due to the current stay of discovery, the Court declines to enter an order regarding general discovery at this time. The Court ordered the stay in light of the broad range of discovery inherent in a MDL case and the potential for PCNA's Rule 12(b)(6) motion to narrow substantially this range. To enter a general discovery order in this case, particularly when there has not yet been a Fed. R. Civ. P. 26(f) conference, would directly contravene the purpose of the stay. Plaintiffs' second attempt at circumventing the stay is not well taken.

These facts notwithstanding, the Court understands that Plaintiffs may need to involve PCNA in the permissible jurisdictional discovery related to Porsche AG and that such discovery may involve ESI. Thus, the Court will issue an order that governs ESI in the context of jurisdictional discovery only.

**1. Native Form and Metadata**

Plaintiffs' Proposed Stipulation calls for the production of documents in their native format[2]—as the ESI exists on the producing party's computer system—together with all associated metadata.[3] If native format is not possible or advisable (*e.g.*, redacted documents),

---

[2] According to Plaintiffs' Proposed Stipulation, " 'Native Format' means: the format of ESI in which it was generated and/or used by the producing party in the usual course of business and in its regularly conducted activities." Stip. § I(B) at 2, attached as Exhibit A to Plaintiffs' Motion.

[3] Plaintiffs' Proposed Stipulation defines metadata as follows: " 'Metadata' means: (i) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage, and/or validity of the electronic file; and/or (ii) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted, or otherwise

Plaintiffs ask that production be made in TIFF or PDF format with an additional searchable text file and a file containing specific metadata for each document.

PCNA offers to produce documents in PDF or TIFF format while preserving each document's native format and associated metadata.  PCNA would then produce specific documents in their native format with metadata only after Plaintiffs demonstrate a particularized need.  PCNA argues that production in native format invites significant control risks in that such documents can be altered after production (unlike static image PDF or TIFF files) and cannot be Bates numbered.  PCNA asserts that it would incur substantial monitoring costs to confirm that produced documents have not been altered.

The parties disagree how to approach the issue of relevance.  PCNA argues that Plaintiffs must demonstrate that their requested metadata is relevant and that they have failed to do so.  Plaintiffs counter that the requested metadata already exists in each document such that they are merely requesting one form of production (in which the metadata is visible) as opposed to another (in which the metadata is not visible).  Plaintiffs also add that PCNA can still object to the scope of Plaintiffs' particular production requests.[4]

Pursuant to Rule 34(b)(1)(C), a requesting party is entitled to specify the form or forms in which electronically stored information is to be produced.  Fed. R. Civ. P. 34(b)(1)(C).  "Under the Rule, a requesting party may specify a form of production and request metadata." *Aguilar v. Immigration & Customs Enforcement Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 355

---

manipulated by a user of such system." Stip. § I(B) at 2.

[4] Plaintiffs' Proposed Stipulation states: "This ESI protocol does not address or resolve any other objection to the scope of the parties' respective discovery requests." Stip. § II at 3.

(S.D.N.Y. 2006); *see also Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 106 (E.D. Pa. 2010). The producing party can object to the requested form of production, Fed. R. Civ. P. 34(b)(2)(D), and the parties must meet and confer to negotiate the dispute. Fed. R. Civ. P. 34(b) advisory committee's note, 2006 amendment. Several courts have held that the burden rests with the objecting party to show undue hardship or expense. *See, e.g., Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2011 U.S. Dist. LEXIS 124473, at *20–21 (D. Kan. Oct. 27, 2011); *Susquehanna Commcl. Fin., Inc., v. Vascular Res., Inc.*, No. 1:09-cv-2012, 2010 U.S. Dist. LEXIS 127125, at *40–41 (M.D. Pa. Dec 1, 2010); *Romero*, 271 F.R.D. 96. *But see* N.D. Ohio L.R. App. K, Default Standard for Discovery of Electronically Stored Info. ("E-Discovery"), Standard 6 (if the parties cannot agree to a format, the default standard is PDF or TIFF format with native files produced upon a showing of "particularized need").

Many of the cases that the parties cite in their briefs address a party's request for native format/metadata after the opposing party had already produced the documents in some other format. *See, e.g.*, *In re Facebook PPC Advertising Litigation*, No. C09-03043, U.S. Dist. LEXIS 39830, at *8 (N.D. Cal. Apr. 6, 2011); *Aguilar*, 255 F.R.D. at 352; *Ky. Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, No. 05-138, 2006 WL 5097354, at *8 (E.D. Ky. Dec. 18, 2006).[5] In contrast, "[c]ourts have generally ordered the production of metadata when it is sought *in the initial document request* and the producing party has not yet produced the

---

[5] If a request for production does not specify a form regarding electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or *in a reasonably usable form or forms*. Fed. R. Civ. P. 34(E)(1) (emphasis added). If the requesting party does not specify a form, therefore, the producing party is within its right to produce the ESI in static image form (TIFF or PDF) with no metadata. The cited cases address a situation in which a party completed a full production, in accordance with the rules, and the opposing party later requested metadata or native format.

documents in any form." *Aguilar*, 255 F.R.D. at 357 (emphasis added).  This Court has expressed a preference for the production of electronically stored information in its native format.  *See Superior Production Pship., d/b/a PBSI v. Gordon Auto Body Parts Co., Ltd.*, No. 2:06-cv-0916, 2008 U.S. Dist. LEXIS 97535, at *3 (S.D. Ohio Dec. 2, 2008) (noting that one of the benefits of having documents produced in native format is that the receiving party can view any metadata that might be embedded in the electronic document but not visible on the hard copy).

Here, Plaintiffs have specified a production format pursuant to Rule 34(b)(1)(C) well in advance of any production.  The Court finds no requirement that Plaintiffs specify a form of production pursuant to Rule 34(b)(1)(C) and simultaneously demonstrate why this form is relevant to each of their requests.  Once Plaintiffs request native format/metadata at the outset, the burden would shift to PCNA to object to this form as unduly burdensome.  At that point the parties would discuss the need for the requested format and negotiate accordingly.  Thus, the Court will grant Plaintiffs' request for native format with metadata absent a showing by PCNA that such a production would be unduly burdensome.

The parties have not indicated that there will be a substantial amount of ESI (if any) in the course of jurisdictional discovery.  PCNA's concerns with Plaintiffs' requested format—increased monitoring costs and the inability to use Bates numbering—should therefore be minimal.  Additionally, PCNA's concern that documents in native format cannot be redacted for privilege does not apply because Plaintiffs' Proposed Stipulation provides an alternative format for redacted documents.  The Court does not find that Plaintiffs' requested format is unduly burdensome for the purposes of jurisdictional discovery.

If, during the course of jurisdictional discovery, there should arise a substantial amount of ESI such that Plaintiffs' requested format becomes unduly burdensome, the parties shall proceed under section IV(B) of Plaintiffs' Proposed Stipulation in order to arrive at a mutually acceptable solution.

For these reasons, the Court **GRANTS** Plaintiffs' motion to the extent that it calls for the production of documents in their native format, with associated metadata, subject to the limitations set forth in Part III(B) and Part (IV) of Plaintiffs' Proposed Stipulation, as it applies to ESI in the course of jurisdictional discovery only.

### B.  E-Discovery Coordinator and 30(b)(6) Deposition

Plaintiffs request that each party identify a "Designated ESI Liaison" who is familiar with that party's e-mail, information, storage, backup, and obsolete/legacy systems and various document/record retention and management policies (among other responsibilities) and who shall participate in the parties' meet and confer sessions and respond to requests for information. PCNA argues that such a liaison is not necessary at this stage of the case.

As PCNA points out, Plaintiffs' Proposed Stipulation requires a liaison to be familiar with specific systems and policies when it is unknown whether discoverable information resides in those systems.  Such specificity is not required at this point in the litigation.  Instead, if PCNA is required to produce ESI in conjunction with jurisdictional discovery, the Court orders that the parties appoint an "e-discovery coordinator" pursuant to the *Default Standard for Discovery of Electronically Stored Information ("E-Discovery")* adopted by the United States District Court for the Northern District of Ohio and other districts.  Such a position will serve to promote communication and cooperation in the event that there is any ESI at issue.  The Default Standard

identifies the position as:

> **3. E-discovery coordinator.** In order to promote communication and cooperation between the parties, each party to a case shall designate a single individual through which all ediscovery requests and responses are coordinated ("the e-discovery coordinator"). Regardless of whether the e-discovery coordinator is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, he or she must be:
> a. Familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions.
> b. Knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues.
> c. Prepared to participate in e-discovery dispute resolutions.
>
> The Court notes that, at all times, the attorneys of record shall be responsible for responding to e-discovery requests. However, the e-discovery coordinators shall be responsible for organizing each party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process. The ultimate responsibility for complying with e-discovery requests rests on the parties. Fed. R. Civ. P. 37(f).

N.D. Ohio L.R. App. K, Default Standard for Discovery of Electronically Stored Info. ("E-Discovery"), Standard 3.

With this position in place, the Court does not see the need to order a 30(b)(6) deposition at this time. For these reasons, the Court **DENIES** Plaintiffs' motion to the extent that it calls for a Rule 30(b)(6) deposition and an "E-Discovery Liaison" with responsibilities greater than those listed above.

### III. Conclusion

PCNA asserts that it is taking steps to preserve all potentially relevant ESI in its native format and with its associated metadata. Nothing in this Order lessens this responsibility or otherwise relieves either party of its discovery obligations under the Federal Rules. Similarly, nothing in this order precludes Plaintiffs from submitting the same protocol as their starting point when the Court lifts the stay and the parties are prepared to begin general discovery negotiations.

Should any issues arise during the course of jurisdictional discovery that are unresolved by this Order, the parties are reminded of the Court's Order dated July 26, 2011, which states: "In the event of any discovery dispute, the parties must call the Court before filing any dispute-related motions.  The Court will permit briefing if it is unable to resolve the dispute during a status conference."  (ECF No. 19 at 8.)

In light of the foregoing, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' Motion for Entry of Order Regarding Production of Electronically Stored Information ("ESI") (ECF No. 51), without prejudice to renewal as it relates to the issues left unresolved by this Opinion and Order.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　 /s/   Gregory L. Frost
　　　　　　　　　　　　　　　　　　　　　　GREGORY L. FROST
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE