**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

IN RE: PORSCHE CARS NORTH          Case No.  2:11-md-2233
AMERICA, INC. PLASTIC COOLANT
TUBES PRODUCTS LIABILITY
LITIGATION                                **JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers**

**This document relates to: <u>ALL CASES</u>.**

<u>**OPINION AND ORDER**</u>

This matter is before the Court for consideration of Plaintiffs' motion to compel

responses to requests for production served upon Porsche Cars North America, Inc. ("PCNA")

and Dr. Ing. h.c. F. Porsche AG ("Porsche AG" or "PAG") (collectively, "Defendants") (ECF

No. 106), Defendants' joint motion in opposition (ECF No. 111), and Plaintiffs' reply (ECF No.

112).  For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the

motion to compel.

**I.  Background**

The parties to this consolidated product liability action have been engaged in

jurisdictional discovery for eight months.  A brief timeline of the events leading up to this point

is provided below.

Defendant Porsche AG is a German corporation and a parent company of Defendant

PCNA.  On January 6, 2012, Porsche AG filed a motion to dismiss Plaintiffs' complaint for lack

of personal jurisdiction.  (ECF No. 63.)  Porsche AG attached to its motion affidavits from a

Porsche AG executive and a PCNA executive describing its lack of contacts with the United

States and the separate corporate structures of the two companies.  (ECF Nos. 63-3 & 63-4.)

1

The parties addressed Porsche AG's motion during an in-court status conference on January 11, 2012.  Plaintiffs indicated during this conference that they sought to depose Porsche AG's two affiants before responding to Porsche AG's motion.  On January 12, 2012, the Court issued an order permitting jurisdictional discovery, to be completed by April 30, 2012.  (ECF No. 67.)

As the Court understands from the parties' submissions, Plaintiffs served their first set of requests for production on Defendants on January 20, 2012.  (ECF No. 106-A.)  Defendants requested an extension of time to respond to these requests due to "multiple translation issues, the sensitivity of the information sought, and the practical realities of dealing with a foreign corporation in a different time zone."  (ECF No. 75, at 2.)  Plaintiffs then submitted an unopposed motion for an extension of time to complete jurisdictional discovery, which the Court granted on March 5, 2012.  (ECF Nos. 75 & 76.)

Defendants responded to Plaintiffs' requests for production on March 9, 2012.[1]  The parties disputed many aspects of Defendants' objections and responses and exchanged several letters about the disputes.  *See, e.g.*, ECF No. 106-W.

On March 28, 2012, while the parties were debating Defendants' responses to Plaintiffs' requests for production, Plaintiffs served Defendants with a second set of requests for production.  These requests seek, *inter alia*, all documents "pertaining to the assertions contained within [the affidavits that Porsche AG attached to its motion to dismiss]."  (ECF No. 106-K, at 8.)  Defendants responded by referring Plaintiffs to certain categories of documents that they had already produced.

_____

[1]Porsche AG supplemented its responses to certain requests on March 19, 2012.

2

During February and March 2012, the Court participated in four telephone status conferences in which the parties presented their issues and the Court offered informal guidance as a means of moving the discovery process along.  The parties were advised during each of these conferences that if they were not satisfied with any of the resolutions reached during the conference, they could request permission to file a motion and the Court would entertain briefing on the issue.

In one such conference, the parties were unable to reach an agreement regarding the appropriate temporal scope of Plaintiffs' first set of requests for production.  Plaintiffs sought documents that were created on or after January 1, 1998 for all requests.  Defendants agreed to search for and produce documents from 1998 through the present in response to those requests that specifically reference the Cayenne but argued that the relevant time period for all other requests should be limited to January 1, 2006 through the present.  On April 19, 2012, the Court granted in part and denied in part Defendants' motion.  (ECF No. 93.)  The Court's April 19, 2012 Order held that Defendants must produce documents from 1998 through the present for those requests that relate to the Cayenne and/or Porsche AG's relationship with PCNA but that the relevant time period for all other requests would be limited to 2006 through the present.

On May 14, 2012, the parties filed another motion for an extension of time to complete jurisdictional discovery.  (ECF No. 98.)  The Court granted the parties' motion so that Defendants could complete and supplement their production in accordance with the Court's April 19, 2012 Order.  Defendants supplemented their production on June 15, 2012 and, on that date, Porsche AG's counsel executed an affidavit certifying that all sources likely to have knowledge of responsive documents had been contacted and that responsive documents had been

produced.  (ECF No. 106-G.)

Immediately following Defendants' June 15, 2012 production, the parties exchanged several letters in which they continued to dispute Defendants' objections and responses to both sets of Plaintiffs' requests for production.  The Court held an informal telephone conference with the parties on July 5, 2012, in an attempt to resolve the outstanding issues so that the parties could complete briefing on Porsche AG's motion to dismiss.  The Court offered informal guidance during this conference but was unable to resolve many of the issues.  The parties indicated that they would brief their outstanding issues and, on July 31, 2012, filed a third motion to extend the deadline for completing jurisdictional discovery.  (ECF No. 103.)  The Court granted this motion and agreed to wait to set a new deadline for completing jurisdictional discovery until after it ruled on the parties' outstanding issues.  (ECF No. 104.)

Plaintiffs filed the present motion to compel pursuant to Federal Rules of Civil Procedure 37(a)(1) and 37(a)(3)(B)(iv) on August 13, 2012.  (ECF No. 106.)

## II.  Standard

A court has discretion to permit and control the scope of jurisdictional discovery. *Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991).  Although Federal Rule of Civil Procedure 26 contemplates broad discovery, courts must ensure that jurisdictional discovery does not undermine the due process considerations that personal jurisdiction is designed to protect.  *Draper, Inc. v. Mechoshade Sys.*, No. 1:10-cv-1443, 2012 U.S. Dist. LEXIS 11243, at *6 (S.D. Ind. Jan. 30, 2012).

Rule 37 authorizes a party to file a motion to compel discovery when the opposing party fails to respond to a request for production under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B)(iv).  For

purposes of Rule 37, an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.  Fed. R. Civ. P. 37(a)(4).  A party may move for an order compelling discovery only after that party has in good faith conferred or attempted to confer with the party that failed to produce the discovery in an effort to obtain it without court action.  Fed. R. Civ. P. 37(a)(1).

Plaintiffs indicate that the parties have met and conferred in good faith in an effort to resolve their disputes without court intervention and this Court has participated in several telephone conferences in which the parties have discussed their outstanding issues.  The Court will therefore evaluate the parties' submissions to determine whether the Court should compel Defendants to provide additional discovery.

### III.  Analysis

The Court begins its analysis by noting three points.

First, "[t]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants" such that both parties may obtain "mutual knowledge of all the relevant facts."  Fed. R. Civ. P. 26 advisory committee's note, 1983 amendments. Defendants have asserted that the jurisdictional discovery process has been burdensome due to the language barrier and compliance with foreign law issues, among other things, and the Court is mindful that jurisdictional discovery must not undermine the due process considerations that personal jurisdiction is designed to protect.  But Defendants' assertions do not excuse them from complying fully with their obligation to make all relevant information available to Plaintiffs.

Second, the Court reminds the parties that an attorney's signature on his or her discovery request or response certifies that, to the best of his or her knowledge after a reasonable inquiry,

every request, response, or objection is consistent with the Federal Rules, not interposed for any improper purpose, and neither unreasonable nor unduly burdensome.  Fed. R. Civ. P. 26(g).  This certification requirement "obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection."  Fed. R. Civ. P. 26 advisory committee's note, 1983 amendments.

Third, the Court has informed Plaintiffs on more than one occasion that its informal telephone conferences are just that—informal.  To cite the July 5, 2012 telephone status conference as an "order" throughout the motion to compel and to characterize Defendants' arguments as "table pounding" and a "misguided attack on this Court" is improper and does not aid Plaintiffs' argument.  All parties are expected to present during a telephone status conference only those arguments that they believe are supported by the law and the facts of this case.  If any party feels that the Court's informal guidance during a telephone status conference is incorrect, that party is free to request permission to file a motion on specific issues.  The Court will analyze Plaintiffs' motion without reference to the July 5, 2012 telephone conference.

> A. *Documents in the possession of Porsche AG's affiliates, predecessors, successors, or subsidiaries*

Plaintiffs move this Court for an order compelling Porsche AG to search all of its subsidiaries, affiliates, parents, and predecessor and successor companies for all documents that are responsive to each of Plaintiffs' requests.  With a few limited exceptions that the Court will address separately, Plaintiffs do not identify specific corporate entities from which they seek to obtain information, specific requests for which a related corporate entity is likely to have responsive documents, or specific documents or categories of documents that Plaintiffs believe are in the possession of a related corporate entity.

The Court denies Plaintiffs' motion on this issue.  Plaintiffs' request is overly broad and burdensome because they do not identify specific documents for which Porsche AG should look or entities that Porsche AG should search.  There is no indication that any related corporate entity has responsive documents that Porsche AG would not also have and have produced; thus, the Court cannot conclude that the discovery request would provide any benefit to Plaintiffs.  The burden of Plaintiffs' demand outweighs the speculative benefit to Plaintiffs in the context of this jurisdictional discovery.

Plaintiffs identify Request Nos. 36, 39, and 40 as being likely to call for documents in the possession of Porsche AG's subsidiaries.  But these requests do not mention Porsche AG's subsidiaries and there is no clear reason why Porsche AG's subsidiaries would be likely to possess such documents.  *See, e.g.*, ECF No. 106-A, Request No. 40 (seeking "[a]ll documents concerning any taxes or duties charged to PAG by any agency of the United States government, or by any state or local government in the United States").  Only Request No. 38 identifies Porsche AG's subsidiaries[2] and, for this request, Defendants indicated that they "caused requests to be made to Porsche AG's U.S. subsidiaries."  (ECF No. 106-G, at 13.)  Contrary to Plaintiffs' position, the Court finds that it is reasonable for Porsche AG to search its subsidiaries for documents only when a specific reason exists for it to do so.

An additional ground exists to deny Plaintiffs' motion with respect to Porsche AG's affiliates and parent corporations.  A party responding to a request for production under Rule 34

---

[2]Request No. 38 seeks "[a]ll documents reflecting PAG's ownership, or joint or overlapping ownership with any person or entity, of any leases, property, contracts, accounts and other assets in the United States, including any of PAG's parents, subsidiaries or affiliates." (ECF No. 106-A, at 15.)

need only provide documents that are in its possession, custody, or control.  Fed R. Civ. P. 34(a).

A party has control for purposes of Rule 34 if it has the legal right to obtain the requested

documents on demand.  *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995).  The party

seeking documents bears the burden of establishing control.  *Ehrlich v. BMW of N. Am., LLC*,

No. 10 C 1670, 2011 U.S. Dist. LEXIS 9021, at *1 (C.D. Cal. 2011).

When a party argues that one company has the legal right to demand documents from

another company, courts closely analyze the relationship between the two companies.  *See, e.g.*,

*Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 306 (M.D.N.C. 1998).  Evidence that one

company operates another as its alter ego, that one company acted as the agent of the other in the

transaction giving rise to the suit, or that one company has access to the documents of another in

the regular course of business would support a finding of control.  *See id.*; *In re NTL, Inc. Sec.

Litig.*, 244 F.R.D. 179, 195–96 (S.D.N.Y. 2007).  Speculation that one company has legal control

over the documents of another company simply because they are related corporate entities is

insufficient to establish control and compel discovery.  *Ehrlich*, 2011 U.S. Dist. LEXIS 9021, at

*1-2; *see also Stella v. LVMH Perfumes & Cosmetics USA*, No. 07-CV-6509, 2009 WL 780890,

at *2 (N.D. Ill. Mar. 23, 2009).

The Court cannot conclude at this time that Porsche AG has the legal right to demand

documents from any of its corporate affiliates and/or parents.  Plaintiffs do not provide any

information about Porsche AG's relationship with its affiliates other then the broad and

unsupported assertion that all Porsche companies "operate under the same corporate umbrella."

(ECF No. 112, at 8.)  Plaintiffs' references to a corporate holding chart, a general statement that

"PAG's continuing strategy for growth relies upon the interconnectedness and relationships

between PAG, American subsidiaries, and the dealers who actually sell the cars" (ECF No. 112, at 8 n.9), and speculation that all affiliated companies necessarily have a stake in this litigation do not provide sufficient detail for the Court to evaluate Porsche AG's relationship to each of its affiliates.  *See Uniden Am. Corp*., 181 F.R.D. at 306.  Plaintiffs do not even name the affiliate(s) from which they hope to obtain documents.

Plaintiffs similarly fail to provide sufficient information for the Court to conclude that Porsche AG has the legal right to demand documents from its parent companies.  Plaintiffs place a great deal of emphasis on the fact that Porsche AG underwent a corporate restructuring in 2007 and became Porsche Automobil Holding SE ("Porsche SE"), a new holding company that controls the current Porsche AG.  But Plaintiffs do not provide any information about the current relationship between the two corporate entities.  Instead, Plaintiffs make vague assertions regarding the 2007 restructuring, "an agency relationship [that] exists between the two entities," annual reports that provide no detail about the Porsche corporate structure, and "a unified worldwide business entity."  (ECF No. 112, at 7, 11.)  These assertions are insufficient to overcome the general rule that "[a] subsidiary, by definition, does not control its parent corporation."  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc*., 233 F.R.D. 143, 145 (D. Del. 2005); *Ehrlich*, 2011 U.S. Dist. LEXIS 9021, at *1–2.  Plaintiffs fail to meet their burden in establishing control.

The Court **DENIES** Plaintiffs' motion to compel Defendants to search for and provide documents from any affiliates, predecessors, successors, or subsidiaries of Porsche AG or PCNA.

B.  *Records possessed by both PAG and PCNA*

9

Plaintiffs request that PAG and PCNA produce all records in each entity's possession rather than relying on each other's searches for information.  Defendants acknowledged in a letter to Plaintiffs that they have been conducting such searches and will produce responsive documents.  (ECF No. 106-V.)

The Court **GRANTS** Plaintiffs' request that the Court order Porsche AG and PCNA to produce all records in each entity's possession to the extent that they have not already done so.

*C. Parameters of Defendants' electronic searches and further detail concerning the steps Defendants took to locate and produce responsive documents*

Plaintiffs next request that Defendants disclose the parameters of their electronic searches and provide detail regarding the steps they took to locate and produce responsive documents. This request is well taken.

Transparency in the discovery process is necessary to ensure that all relevant information is made available to the litigants such that both parties have mutual knowledge of all relevant facts.  *See* Fed. R. Civ. P. 26 advisory committee's note, 1983 amendments.  Transparency is particularly important in this jurisdictional discovery, where the parties dispute almost every aspect of every request and response.  There are several outstanding issues that the parties cannot resolve until they reach a level of understanding about the way in which Porsche AG maintains documents and the way in which Porsche AG's counsel located and produced responsive documents.

For example, the parties dispute whether Defendants unilaterally limited their production of documents to those involving model year 2003 through 2006 Cayennes instead of the model year 2003 through 2010 Cayennes that Plaintiffs identified in their complaint.  Defendants counter that they have not withheld any documents on this basis, but at least one of their

10

responses suggests that they excluded model year 2007 through 2010 Cayennes from their

search.  *See* ECF No. 106-D, at 34 (responding to Request No. 43 with sales data for 2003

through 2006 Cayennes only).[3]  The Court agrees with Plaintiffs that Defendants must either

produce the requested documents or clearly state their reasoning for limiting their response(s) to

2003 through 2006 Cayennes.  Full disclosure of Defendants' efforts in collecting responsive

documents will illuminate this issue so that the parties can resolve it.

Additionally, Defendants objected to at least one request in its entirety with only a

boilerplate objection that the request is overly broad, harassing, and unduly burdensome.  *See*

ECF No. 106-D, at 35 (objecting to Request No. 45, which seeks "[a]ll documents concerning

PAG's meetings or communications with any trade association(s) or other groups or

organizations in the United States").  Such a response is insufficient.  *See, e.g., Pegoraro v.*

*Marrero*, 281 F.R.D. 122, 128–29 (S.D.N.Y. 2012); *United States ex rel. Fisher v. Network*

*Software Assocs.*, 217 F.R.D. 240, 246 (D.D.C. 2003).  More information regarding Defendants'

searches and the reason(s) that production is unduly burdensome is necessary to evaluate the

sufficiency of Defendants' objections.

Other factors support full disclosure of Defendants' search methodology.  For example,

the parties dispute the definitions of several terms—such as "officer" and "directives"—and

whether they have the same meaning in English and in German.  It would frustrate the purpose

of the discovery rules if Defendants were permitted to come up with their own well-crafted

---

[3]Porsche AG's counsel indicated in a letter to Plaintiffs' counsel that he would produce
sales information for the 2008 and later Cayennes but the parties have not informed the Court
whether this exchange has occurred.  Even if Porsche AG ultimately provides this information, it
is unclear why Porsche AG did not include said information in its initial production.

definitions of these terms and then refuse to disclose what those definitions are.  Defendants

assert that they have not hidden anything from Plaintiffs based on their objections to vague and

ambiguous terms; full disclosure of the way in which Defendants applied these terms to their

searches will either verify or refute this assertion.

Finally, the Court agrees with Plaintiffs that in some cases, the number of documents

produced in relation to the nature and scope of the discovery requests is relevant to the issue of

whether the producing party should reveal its search methodology.  *See, e.g., A. Farber &*

*Partners, Inc. v. Garber*, 234 F.R.D. 186, 189–90 (C.D. Cal. 2006).  Here, for example, Request

No. 26 seeks all documents between or among PAG and PCNA concerning the carrying on of

business together in any capacity.  (ECF No. 106-A, at 13.)  Defendants produced fifteen emails

total in response to this and all other requests for production.  Although it is possible that a

reasonable inquiry will not reveal additional responsive emails, the small number of emails

produced weighs in favor of requiring Defendants to provide full information regarding their

search methodology.  *See id*.  Disclosing the way in which Defendants searched for responsive

documents will either confirm Defendants' assertion that they have met their obligations under

the Federal Rules or confirm Plaintiffs' speculation that Defendants must do more—either way,

it will shed light on the disconnect between the parties so that they can identify and resolve their

dispute.

Defendants' argument that their search protocol is protected by the attorney-client and

work-product privileges is without merit.  Documents that Porsche AG maintains are either

responsive to Plaintiffs' discovery requests or they are not—"the spirit of the rules is violated

when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts

and illuminate the issues."  Fed. R. Civ. P. 26 advisory committee's note, 1983 amendments.

Plaintiffs do not ask for, and Defendants need not provide, any communications between

Defendants and their counsel or anything that might reveal counsel's thought processes

regarding those documents that are probative of the jurisdictional issue.  *Cf. Romero v. Allstate*

*Insur. Co.*, 271 F.R.D. 96, 110 n.9 (E.D. Pa. 2010).  Plaintiffs instead ask Defendants to disclose

the facts underlying the way in which they identified and produced responsive documents.  Such

facts include (but are not limited to) the departments that Defendants contacted, the terms they

employed in running electronic searches, and any leads upon which they followed up.  Such facts

are discoverable, *see id*., and disclosure of these facts is necessary to move forward with

jurisdictional discovery in this case.

The Court **GRANTS** Plaintiffs' motion to compel Defendants to provide additional

information regarding the steps they took to locate and produce responsive documents.  Porsche

AG's counsel and PCNA's counsel must each provide this information in an affidavit, as

discussed below.

D.  *Scope of completion affidavit*

Defendants' efforts in responding to this jurisdictional discovery will be complete once

Defendants' counsel execute affidavits certifying that they have completed a reasonable inquiry

in locating and producing responsive documents and that all responsive documents of which they

are aware have been produced.  The Court addresses several issues regarding the scope of these

affidavits.

1.  June 15 affidavit

Porsche AG's counsel must supplement his June 15 affidavit and PCNA's counsel must

13

provide his or her own affidavit.  These new affidavits must state that counsel has completed a reasonable inquiry in locating and producing responsive documents.  These affidavits must also provide additional detail regarding the method by which each Defendant searched for and produced responsive documents in accordance with the Court's comments below.

        2. "Reasonable inquiry"

Evidence that counsel has identified the appropriate departments and/or personnel that have knowledge of relevant documents, contacted the appropriate personnel to provide instructions and formulate a plan to identify and collect responsive documents, reviewed responsive documents, and followed up on any perceived inadequacies with the production would support a finding that counsel has completed a reasonable inquiry and thus fulfilled his or her discovery obligations under the Federal Rules.  *Cf. Bratka v. Anheuser-Busch Co., Inc*., 164 F.R.D. 448, 460–62 (S.D. Ohio 1995).  Defendants' affidavits must therefore describe the steps taken in identifying departments likely to have relevant information, the substance of the requests sent to each department, and any follow-up conducted in order to locate responsive documents.  Provided that counsel participates in and oversees the collection process, Plaintiffs' suggestion that Defendants may not rely on their clients to gather responsive documents is at odds with the Federal Rules.  *See* Fed R. Civ. P. 26 advisory committee's note, 1983 amendments.

Regarding the substance of Defendants' requests to their clients, the Rules require only that Defendants and their clients engage in searches that are reasonable.  Plaintiffs' contention that Defendants' efforts are incomplete because they failed to search for emails in response to Request Nos. 2–10 (seeking "Meeting Minutes from all PAG Board Meetings") and similar

14

requests that do not call for emails is unreasonable and unproductive.  Where requests ask for documents "sufficient to show," such as Request No. 13 (seeking "Documents sufficient to show reporting relationships between PAG's personnel and PCNA's personnel"), it is reasonable to produce a document such as the PCNA Management Rules, provided that such a document is in fact responsive to the request.

Plaintiffs' contention that Defendants must search for documents regarding a "lack of" a certain activity is similarly unreasonable.  Request No. 25, for example, seeks documents regarding "the distribution or allocation of profits, losses, and/or expenses between PAG and PCNA."  (ECF No. 106-A, at 13.)  Defendants assert that they conducted a diligent search and reasonable inquiry and found no responsive documents to this request.  Defendants further assert that they explained to Plaintiffs that no responsive documents were found because "the specific financial activities referenced in Request 25 (i.e., the distribution or allocation of profits, losses, and/or expenses) are not undertaken between the parties."  (ECF No. 111, at 14.)  Plaintiffs now argue that Defendants' production is inadequate because Defendants failed to search for documents that discuss the lack of distribution or allocation of profits, losses, and/or expenses.  Absent some indication that such documents exist and are readily identifiable, it is unclear to the Court how Defendants would or should be obligated to conduct such a search.

### 3. Definition of "complete"

Defendants need not, as Plaintiffs assert, affirm that their document searches and productions are complete without qualification and that no additional responsive documents exist.  Plaintiffs' request for such affirmation exceeds the Federal Rules' requirement that an attorney responding to a discovery request make a reasonable inquiry into the factual basis of his

or her response.  Fed. R. Civ. P. 26 advisory committee's note, 1983 amendments.  Defendants' affidavits must confirm only that *their efforts* in locating responsive documents are complete.

Defendants also need not create documents in order to respond to a request for production.  Fed. R. Civ. P. 34(a); *see also Retail Ventures, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:06-CV-443, 2007 WL 3376831, at *2 (S.D. Ohio Nov. 8, 2007).  If Defendants indicate that, after a reasonable inquiry, no documents exist that are responsive to the request, then their obligations under the Federal Rules are satisfied and the Court can compel nothing more.  *Retail Ventures, Inc.*, 2007 WL 3376831 at *2.  Rule 34 is not the correct vehicle to obtain information regarding the reason that such documents were not maintained.  *See id*; Fed. R. Civ. P. 34(a).  Defendants need not provide such information in their affidavits.

Finally, once Defendants execute their affidavits in accordance with this Opinion and Order, the Court will accept Defendants' efforts as complete.  Plaintiffs' speculation that additional emails must exist, that the lack of privileged documents is a sign that Defendants' production must be inadequate, and that Porsche AG is a technologically advanced company that surely maintains all of its documents in electronic form will be insufficient to compel judicial involvement unless Plaintiffs provide evidence that Defendants are improperly withholding documents.  *See, e.g., Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008); *Bailey Indus., Inc. v. CLJP, Inc*., 270 F.R.D. 662, 671 (N.D. Fla. 2010).

The Court **GRANTS** Plaintiffs' motion to compel Defendants to provide additional information in their completion affidavits.  The Court **DENIES** Plaintiffs' motion to compel Defendants to provide completion affidavits to the extent that Plaintiffs' request is inconsistent the Court's comments above.

16

### E. Redacted German documents

The parties have indicated to the Court that Defendants produced certain documents with the names and identifying information of certain employees redacted. Defendants assert that such redactions are necessary to comply with German privacy laws. Porsche AG cited these laws in its response to Plaintiffs' first set of discovery requests on March 9, 2012. (ECF No. 106-B, at 3.)

Plaintiffs now ask this Court to compel Defendants to provide unredacted versions of these documents or the specific legal authority—i.e., the relevant subsection of the German laws—that purportedly justifies each redaction. It is wholly inconceivable to the Court why Plaintiffs' counsel could not have obtained this information through a phone call during the meet and confer process. In any event, Defendants provided the subsections of the laws that purportedly support their position in their memorandum in opposition to Plaintiffs' motion. This issue is moot.

Plaintiffs' attempt in their reply to make substantive arguments regarding the German privacy laws is inappropriate as Plaintiffs did not raise these arguments in their motion to compel. The Court **DENIES** Plaintiffs' motion to compel Defendants to provide unredacted versions of previously redacted German documents.

### F. Travel documents (Request Nos. 21, 22, and 48)

The parties' next dispute involves Request Nos. 21, 22, and 48. These requests seek the following information:

> Request No. 21: Documents sufficient to show any automobile industry trade shows, trade association memberships and/or events, conferences, or other similar meetings in the United States that were attended by PAG's officers, directors, or employees, or at which any of PAG's officers, directors, or employees made any presentations.

17

Request No. 22: Documents sufficient to show any meeting in the United States attended by PAG's officers, directors, or employees, at which the Cayenne or any other vehicles made by PAG were discussed.

Request No. 48: All documents concerning travel to the United States by any of PAG's officers, directors, employees, representatives, or agents for the purpose of conducting business or engaging in any other business activity.

In response to Request No. 21, Defendants indicated that they have been unable to locate a source that keeps track of information regarding trade shows and that they instead listed events that Porsche AG personnel have attended in the United States. Plaintiffs now argue that the list did not provide enough detail about "which events were attended and by whom." (ECF No. 112, at 32.)

As stated above, a party responding to a Rule 34 request is not obligated to create new documents. *Retail Ventures, Inc.*, 2007 WL 3376831, at *2. If, after a reasonable inquiry, Defendants are unable to locate documents that are responsive to Request No. 21, then Defendants must inform Plaintiffs of this fact and detail their search efforts in their affidavits. The Court can compel nothing more.

In response to Request No. 48, Defendants produced a spreadsheet of travel information from 2009 to the present. Defendants did not provide responsive documents that were created prior to 2008 but indicated that the spreadsheet is representative of travel during that time. Defendants assert that pre-2008 travel documents are not maintained in electronic form and are not searchable by destination such that the burden of identifying such documents outweighs the benefit to Plaintiffs.

In response to Request No. 22, Defendants referred Plaintiffs to their response to Request No. 48. Defendants then supplemented their response to Request 22 following the Court's April

18

19, 2012 Order.  Defendants' supplemental response states that they located 2,800 binders

containing hard copy travel information from 2002 through 2005 that is not organized by

individual or by destination.  Defendants indicated that they will make these binders available

for inspection and copying in Germany.

 Plaintiffs now seek a Court order compelling Defendants to review the 2,800 binders,

conduct follow-up interviews with Porsche AG personnel that traveled to the United States, and

explain whether the pre-2008 travel records were generated electronically, whether they were

ever retained electronically, why they are not retained in electronic format, and other related

questions.

 The Court suggests that the parties step back and focus on the information that Request

Nos. 22 and 48 seek.  In order to respond to Request No. 22, Defendants must start by

identifying any meetings that took place in the United States, were attended by Porsche AG

personnel, and included discussion regarding the Cayenne.  If no such meetings took place, then

there will be no documents responsive to this request.  If such meetings did take place, then

Defendants must take additional steps to determine whether documents exist that sufficiently

identify these meetings.  Defendants must identify these steps in an affidavit, as discussed above.

If Defendants cannot locate responsive documents after a reasonable inquiry, then their Rule 34

obligations are complete.  Reference to 2,800 binders with travel documents is entirely

unnecessary in this context.

 Regarding Request No. 48, Defendants must produce all documents reflecting travel that

Porsche AG personnel made to the United States to conduct any business from 2006 through the

present.  The Court agrees with Plaintiffs that this information is relevant to the jurisdictional

issue and is easily identifiable.  Porsche AG concedes that documents exist that are responsive to

this request; thus, it must locate and produce responsive documents regardless of the way in

which the company has historically maintained such documents.  *See Dunn v. Midwestern

Indem.*, 88 F.R.D. 191, 198 (S.D. Ohio 1980) (citing *Kozlowski v. Sears, Roebuck & Co.*, 73

F.R.D. 73, 76 (D. Mass. 1976)).  Plaintiffs' suggestion that Porsche AG's attorneys follow up

with personnel that traveled to the United States from 2006 through 2009 in order to determine

additional ways by which they can identify responsive documents is reasonable and encouraged.

Defendants are not excused from compliance with Rule 34 because Porsche AG's system of

record keeping makes it difficult to identify and locate this category of documents.  *Id.*

The Court **GRANTS** Plaintiffs' motion to compel Defendants to produce responsive

travel documents from 2006 through 2009 in response to Request No. 48.  The Court **DENIES**

Plaintiffs' motion to compel Defendants to provide additional information in response to Request

Nos. 21 and 22 unless additional responsive documents exist that Defendants should have

located after a reasonable inquiry.

G.  *Responses limited to 2006 through the present (Request No. 36)*

The Court's analysis above did not address the issue of pre-2006 travel documents that

concern business involving the Cayenne.  This issue is the subject of the parties' next dispute.

At the present time, Defendants have produced documents that were created between

1998 through the present in response to ten of Plaintiffs' requests that specifically reference the

Cayenne.  *See, e.g.*, ECF No. 106-A (seeking meeting minutes from all PAG board meetings at

which testing of the Cayennes in the United States was discussed).  Defendants have limited

their search to documents created from 2006 through the present in response to all other requests.

The issue now is whether Defendants must search for documents created between 1998 through 2006 that involve the Cayenne but are responsive to the 39 requests that do not reference the Cayenne.

Request No. 48 illustrates this dispute. Request No. 48 does not reference the Cayenne; thus, Defendants contend that they need search only for 2006 through the present documents in response to this request. Plaintiffs concede that Defendants need produce only post-2006 travel documents for general business unrelated to the Cayenne. The issue is whether, pursuant to the Court's April 19, 2012 Order, documents concerning travel from 1998 through 2006 regarding Cayenne-related business trips are responsive to Request No. 48.

Plaintiffs highlight Request No. 36 to support their argument. Request No. 36 seeks documents sufficient to identify all consulting firms or other advisory firms retained or otherwise engaged by Porsche AG in the United States. Defendants searched for and produced documents created after 2006 as responsive to this request. Plaintiffs state that Defendants must conduct an additional search to locate documents that involve consulting "with respect to the design or marketing of the Cayennes." (ECF No. 112, at 42.) Plaintiffs argue that Defendants must conduct a similar search in response to all requests, including but not limited to Request No. 36.

The Court finds that Plaintiffs' arguments are well taken in the context of Request Nos. 36 and 48 but declines to issue the blanket order that Plaintiffs seek. Many of the thirty-nine requests at issue do not mention the Cayenne because it would not make sense to do so. For example, Request No. 47 seeks documents sufficient to identify any agent authorized by Porsche AG to receive service of process or notice of proceedings for Porsche AG within the United States. Request No. 16 seeks documents sufficient to show any accounts with any banking or

financial institutions within the United States in Porsche AG's name.  These requests are aimed at Porsche AG's general contacts with the United States; it would be illogical for Defendants to search for 1998 through 2006 documents reflecting bank accounts that specifically relate to the Cayenne.

Many of the thirty-nine requests at issue also duplicate the ten requests that specifically mention the Cayenne.  For example, Request No. 45 seeks all documents concerning Porsche AG's meetings or communications with any trade association(s) or other groups or organizations in the United States, while Request No. 22 seeks documents sufficient to show any meetings in the United States at which the Cayenne or any other vehicles made by Porsche AG were discussed.  It seems likely that documents created between 1998 through 2006 that relate to the Cayenne and are responsive to Request No. 45 would have been produced in response to Request No. 22.  Even Request No. 36, which Plaintiffs use to illustrate their argument, likely overlaps with Request No. 15, which seeks any payments by Porsche AG to any third-party concerning the sale, marketing, or distribution of the Cayenne.

As these examples demonstrate, the Court cannot evaluate Plaintiffs' motion on this issue without having specific requests in context.[4]  The Court therefore examines Request Nos. 36 and 48 only.

To the extent that there are documents created between 1998 and 2006 that relate to "consulting . . . with respect to the design or marketing of the Cayennes" that have not already been produced and that would be responsive to Request No. 36, Defendants are ordered to search

---

[4]Counsel should keep this point in mind when conducting future discovery and engaging in future briefing.

22

for and produce such documents.  Such a request should not be burdensome because Defendants have already located the appropriate sources that have knowledge of Porsche AG's consulting activities.  Defendants must detail their search efforts in an affidavit and certify that their efforts are complete, consistent with the Court's direction above.

Defendants are ordered to undertake a similar search in response to Request No. 48. Specifically, Defendants must identify any trips that Porsche AG personnel took between 1998 and 2006 in order to conduct Cayenne-related business.  Defendants must then identify and produce the travel documents that correspond to these trips.  These documents are relevant to this jurisdictional issue and there is a benefit to Plaintiffs in receiving such information.  If Defendants contend that production of such documents is unduly burdensome, then they must produce an affidavit detailing the effort and cost that it would take to locate and produce such documents.

The Court **GRANTS** Plaintiffs' motion to compel Defendants to search for and produce documents created between 1998 and 2006 that relate to the Cayenne and are responsive to Request Nos. 36 and 48.  The Court **DENIES** Plaintiffs' motion to compel Defendants to conduct such a search in response to requests other than Request Nos. 36 and 48 at this time.

*H.  Additional information regarding board members (Request No. 23)*

Request No. 23 seeks documents sufficient to identify all past or present members of PAG's Board who also serve or have served as PCNA Board members or in other executive or advisory positions with PCNA.  PCNA responded[5] that it did not locate any documents responsive to Request No. 23.  Instead, PCNA created and provided a list of individuals that

---

[5]Porsche AG referred Plaintiffs to PCNA's response.

have served on both boards.  Plaintiffs argue that this response is incomplete because it fails to provide any information regarding each individuals' tenure on his or her respective board.

The Court again reiterates that Defendants need not create new documents to satisfy a Rule 34 production request.  *See* Fed. R. Civ. P. 34; *Retail Ventures, Inc.*, 2007 WL 3376831, at *2.  Porsche AG and PCNA must conduct their own searches to locate responsive documents and must each provide an affidavit setting forth the steps it took in locating such documents.  If documents exist that discuss a particular individual's appointment to a board, then Defendants must produce these documents.  If no responsive documents are located after a reasonable inquiry, then Defendants' obligations are complete.  Rule 34 is not the appropriate vehicle to obtain additional information regarding an individual's tenure on the Porsche AG Board or PCNA Board if no responsive documents exist.

The Court **GRANTS** Plaintiffs' motion to compel Defendants to conduct a reasonable inquiry in order to determine whether existing documents are responsive to Request No. 23, to the extent that they have not already done so.  The Court **DENIES** Plaintiffs' motion to compel Defendants to provide additional information that is not contained within responsive documents.

   *I.  Documents available in the public domain (Request Nos. 31, 32 and 34)*

The parties' next dispute involves documents that exist in the public domain.  This dispute involves Request No. 31 (seeking all patent, trademark, or copyright applications made by Porsche AG in the United States), Request No. 32 (seeking documents sufficient to identify all litigation, arbitration, mediation, or other judicial proceedings in the United States in which Porsche AG is or has been involved), and Request No. 34 (seeking documents sufficient to identify all government lobbying activities conducted by Porsche AG in the United States).  In

response to these requests, Defendants made a list of relevant intellectual property, litigation, and lobbying reports and referred Plaintiffs to public websites through which Plaintiffs can obtain responsive documents. Porsche AG's responses conclude that, "[t]o the extent that there may be others not identified on this list, Porsche AG refers plaintiffs to [applicable public website]." (ECF No. 106-E, at 32–33, 35.)

Plaintiffs do not dispute the general rule that a party may not compel another party to produce documents that are publicly available and/or readily available to the requesting party through other means. *The Way Int'l v. Executive Risk Indem., Inc.*, No. 3:07-cv-294, 2009 U.S. Dist. LEXIS 90221, at *31–32 (S.D. Ohio Jan. 27, 2009); *see also Kormos v. Sportsstuff, Inc.*, No. 06-CV-15391, 2007 U.S. Dist. LEXIS 64905, at *7–8 (E.D. Mich. Sept. 4, 2007). Instead, Plaintiffs argue that Porsche AG never confirmed that its efforts to obtain such materials were complete. Consistent with the Court's comments above, Defendants are ordered to detail the steps that they took in conducting a reasonable inquiry and certify that their inquiry is complete.

Plaintiffs also raise two specific issues regarding Defendants' responses to Request Nos. 32 and 34. First, Plaintiffs cite two cases, *Elliot Assocs. v. Porsche Automobil Holding SE f/k/a Dr. Ing. h.c. F. Porsche AG*, 10 Civ. 0532 (S.D.N.Y.) and *Black Diamond Offshore Ltd. v. Porsche Automobil Holding SE f/k/a Dr. Ing. h.c. F. Porsche AG*, 10 Civ. 4155 (S.D.N.Y.), that Porsche AG did not disclose. Plaintiffs argue that this failure "suggests intentionally evasive behavior" on the part of Porsche AG because Porsche AG was "named in the caption of each of those cases" and was "succeeded by Porsche SE." (ECF No. 112, at 39.) The Court disagrees. It is clear from the case captions that Porsche SE—and not Porsche AG—is the party to the cited cases. As Defendants noted in a letter to Plaintiffs, Porsche SE's contacts with the United States

may be relevant in establishing jurisdiction over Porsche SE, but they do not necessarily provide a basis for asserting jurisdiction over Porsche AG.  (ECF No. 106-J, at 4.)  The Court finds nothing improper about the fact that Defendants did not disclose these cases.

Second, Plaintiffs argue that Defendants' response to Request No. 34 is incomplete because Porsche AG referred Plaintiffs to certain lobbying reports that Plaintiffs contend are insufficient to show all of Porsche AG's lobbying activities in the United States.  Plaintiffs seek other documents such as correspondence between Porsche AG and its lobbyists.

If the lobbying reports that Porsche AG identified are sufficient to identify *all* of Porsche AG's lobbying efforts in the United States, then Porsche AG has complied with its Rule 34 obligations.  The Court reiterates that Defendants must make a reasonable inquiry to determine that the listed reports identify all of Porsche AG's lobbying activities that are encompassed by Request No. 34.  If Porsche AG has engaged in lobbying activities that the lobbying reports do not cover, then Porsche AG is required to search for and produce documents that identify such activities.  A reasonable inquiry in this context includes following up with sources identified in the lobbying reports and contacting relevant departments and individuals likely to have knowledge of relevant information.  *Cf. Bratka*, 164 F.R.D. at 460–62.  Defendants must include this information in their completion affidavits and certify that, after making a reasonable inquiry, their efforts in identifying responsive documents are complete.

The Court cannot compel anything further based on Plaintiffs' speculation that additional documents must exist.  If the lobbying reports identify all of Porsche AG's lobbying activities in the United States, then Defendants have satisfied Rule 34.

The Court **GRANTS** Plaintiffs' motion to compel Defendants to certify that their efforts

26

in locating and producing documents responsive to Request Nos. 31, 32, and 34 are complete. The Court **DENIES** Plaintiffs' motion to compel Defendants to undertake additional searches to the extent that the produced documents are sufficient to identify the requested information.

 *J.  Defendants' boilerplate objections*

 Defendants asserted many boilerplate objections throughout their responses to Plaintiffs' requests for production.  Defendants indicated, however, that they have not withheld any documents on the basis of these objections.  Plaintiffs ask this Court to compel Defendants to "either withdraw the boilerplate relevancy objections, or, at a minimum, order Defendants to disclose all documents withheld on the basis that the documents are irrelevant to jurisdictional discovery."  (ECF No. 106, at 30–31.)

 Such an order would serve no point.  Plaintiffs' argument that Defendants could use their relevancy objections to withhold documents in the future is speculative and outside the scope of this motion to compel.

 The Court **DENIES** Plaintiffs' motion to compel Defendants to withdraw their objections to Plaintiffs' first set of document requests as being overly broad and unduly burdensome and not narrowly tailored to the issue of whether Porsche AG is subject to personal jurisdiction in this Court.

 *K.  Plaintiffs' second set of discovery requests*

 Plaintiffs' second set of discovery requests do not seek particular categories of documents.  Instead, Plaintiffs' second set of requests seeks "[a]ll documents pertaining to the assertions contained within the Declaration of [PAG executive] Holger Peters submitted in support of PAG's Motion to Dismiss the Consolidated Class Action Complaint" and "[a]ll

27

documents pertaining to the assertions contained within the Declaration of [PCNA executive] Thierry Kartochian submitted in support of PAG's Motion to Dismiss the Consolidated Class Action Complaint." (ECF No. 106-K, at 8–9.) Defendants divided the referenced assertions into three categories and proposed a different means of responding for each.

The first category includes basic statements such as "I am over the age of eighteen," "I am competent to make this Declaration," and "I am providing this Declaration in support of PAG's Motion to Dismiss the Consolidated Class Action Complaint." (ECF No. 106-L, at 1.) Plaintiffs concede, as they must, that production of all documents pertaining to these assertions is unnecessary.

The second category includes negative assertions such as "PAG does not engage in manufacturing activities in the United States" and "PAG does not own any real estate in the United States." (*Id*. at 2.) Defendants indicated in a letter to Plaintiffs that there are no documents that logically pertain to PAG not manufacturing and/or not owning real estate. Defendants therefore declined to conduct such a search. Plaintiffs responded that such documents might exist, "including, for example, PAG memos regarding the opening, closing or operation of manufacturing plants in the United States," and that Defendants should "conduct a complete search for documents responsive to all requests." (ECF No. 106-M, at 3.)

The Court agrees with Defendants that Plaintiffs' position is unreasonable. Plaintiffs did not ask for documents pertaining to the opening, closing, or operation of manufacturing plants in the United States, which might have been an appropriate request that was stated with the particularity that Rule 34 requires. Fed R. Civ. P. 34(b)(1). Instead, Plaintiffs asked for all documents pertaining to the assertion that Porsche AG does not, among other things, engage in

manufacturing activities or own real estate in the United States.  It is unclear to the Court how a party would search for documents responsive to this request and it would be impossible for the Court to discern the point at which all searches for responsive documents had been completed.  It is also debatable whether the documents that Plaintiffs identify would even be responsive to the request as written.  The Court will not require Defendants to produce any documents in support of a negative assertion.

Finally, the third category of assertions includes all remaining statements such as "PAG designs and manufactures Porsche brand motor vehicles, principally in Germany" and "PAG is a separate and independent legal entity from PCNA."  (ECF No. 106-L, at 4–5.)  This category includes assertions that the affiants made on information and belief.  (*Id*. at 2 ("On information and belief, PCNA is a Delaware corporation with its principal place of business in the state of Georgia . . . .").)  Defendants concede that substantive responses are appropriate in this case but argue that Plaintiffs' requests should be limited to "documents sufficient to show" instead of "all documents."  Plaintiffs offer to accept documents "sufficient to show" for certain assertions but seek full production of "all documents" for others.

The Court again agrees with Defendants that Plaintiffs' position is unreasonable.  In response to Plaintiffs' request for documents that pertain to the assertion "PAG is a separate and independent legal entity from PCNA," for example, Defendants referred Plaintiffs to an Importer Agreement and a corporate chart.  (ECF No. 106-N, at 7.)  This response is reasonable.  It would be impossible for the Court to determine whether Defendants had searched for *all* documents that could possibly pertain to this assertion.  The Court also agrees that requiring production of "all documents" regarding these types of assertions would duplicate many of Defendants' efforts

29

in producing documents responsive to Plaintiffs' first set of requests. For example, documents that pertain to the assertion "PAG is a separate and independent legal entity from PCNA" would likely overlap with documents responsive to those requests (in Plaintiffs' first set of requests for production) that relate to specific aspects of Porsche AG and PCNA's relationship. *See, e.g.*, ECF No. 10-A, at 11, Request No. 13 (seeking documents sufficient to show reporting relationships between Porsche AG personnel and PCNA personnel and vice versa). Plaintiffs make no effort to limit their second set of requests to avoid cumulative discovery.

In short, Plaintiffs' second set of discovery requests are overly broad, not stated with reasonable particularity, and in many cases, duplicative of their first set of requests for production. Defendants' responses are sufficient. The Court **DENIES** Plaintiffs' motion to compel Defendants to provide full responses to Plaintiffs' second set of discovery requests.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion. (ECF No. 106.) Due to the difficulty that both parties have had in reaching any kind of agreement throughout this jurisdictional discovery period, the Court declines to apportion the reasonable expenses for this motion.

The Court also **DENIES** Plaintiffs' request for a general discovery order going forward concerning good faith and fair dealing. The parties are expected to adhere to this standard without being ordered to do so by the Court.

The Court expects that its reasoning here will govern the parties' future discovery compliance and that the parties will be able to avoid future impasses like the ones addressed herein. The goal here is to discover necessary information, not to annoy the opposing party or

30

the Court.  With these considerations in mind, the parties are **ORDERED** to adhere to the

following schedule regarding the remaining jurisdictional discovery:

(1) Defendants shall complete all document production related to jurisdictional discovery

on or before **November 21, 2012**.  Defendants shall provide completion affidavits on or before

this date in accordance with this Opinion and Order.

(2) All jurisdictional discovery shall be completed on or before **January 21, 2013**.

(3) Plaintiffs shall file a memorandum in opposition to Porsche AG's motion to dismiss

for lack of personal jurisdiction (ECF No. 63) on or before **February 20, 2013**.

(4) Porsche AG shall file a reply memorandum on or before **March 13, 2013**.

(5) Porsche AG's motion to dismiss for lack of personal jurisdiction (ECF No. 63) shall

come on for a non-oral hearing on **March 20, 2013**.

**IT IS SO ORDERED.**

 /s/  Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE