UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: PORSCHE CARS NORTH
AMERICA, INC. PLASTIC COOLANT
TUBES PRODUCTS LIABILITY
LITIGATION

Case No.  2:11-md-2233

JUDGE GREGORY L. FROST
Magistrate Judge E.A. Preston Deavers

This document relates to: ALL CASES.

**ORDER**

This matter is before the Court for consideration of Jeffrey M. Edelson's Motion to Intervene and be Excluded from the Settlement Class or to Allow Objections to Proposed Settlement.  (ECF No. 168.)  For the reasons that follow, the Court **DENIES** the motion.

According to his filings, Mr. Edelson is a licensed practicing attorney in Oregon.  He owns a 2004 Porsche Cayenne.  After receiving the class notice approximately two months ago, Mr. Edelson understood that he may be a member of this class action.  (ECF No. 169 ¶ 5.)  He states that he "briefly reviewed the materials" at that time but "did not understand the technical issues" involved.  (*Id*.)  Only after his coolant tubes failed several weeks later did Mr. Edelson attempt to exercise his rights as a class member in the above-captioned litigation.

Mr. Edelson now moves to "intervene" in this litigation, although he does not actually seek to intervene in the sense contemplated by Federal Rule of Civil Procedure 24.[1]  Rather, he first asks for the exact opposite: to be excluded from the class and therefore from this litigation.

---

[1] Indeed, if the Court were to analyze Mr. Edelson's motion under Rule 24, it would find that the motion is deficient because it does not comply with Rule 24(c).

1

In the alternative, Mr. Edelson asks to submit objections to the proposed Class Action Settlement Agreement and to present those objections in a telephonic hearing.

Mr. Edelson's motion and accompanying Declaration are postmarked February 20, 2014. The Court received the same on February 25, 2014, and the motions were docketed on February 27, 2014. The final fairness hearing in this class action litigation is scheduled for March 10, 2014.

The March 10, 2014 fairness hearing was scheduled pursuant to the Court's August 26, 2013 Preliminary Approval Order of the parties' proposed settlement agreement ("Order"). (ECF No. 147.) In that Order, the Court preliminarily certified the Settlement Class. The Court further stated:

> All members of the Settlement Class who do not request exclusion ("opt-out") from the Settlement Class pursuant to the requirements of Paragraph 21 below shall be bound by all determinations and judgments in the Action concerning the settlement, including, but not limited to, the dismissal of the Action with prejudice and the validity, binding nature, and effectiveness of the release set forth in Paragraph 50 of the [proposed Settlement Agreement and Release of Claims dated May 6, 2013].

(ECF No. 147 ¶ 19.) Notably, pursuant to Paragraph 21 of the Order, "[a]ny member of the Settlement Class who wishes to opt-out of the Settlement Class shall submit to the Settlement Administrator, *with a postmark no later than February 10, 2014*, an appropriate written request for exclusion . . . ." (*Id.* ¶ 21 (emphasis added).) Regarding class members who sought to remain in the class but object to the proposed agreement, the Court stated:

> Any member of the Settlement Class who had not previously opted-out . . . may appear at the Final Fairness Hearing to argue that the proposed settlement should not be approved . . . provided, however, that *no Settlement Class Member shall be heard, and no objection may be considered, unless the Settlement Class Member has filed with this Court a valid written statement of the objection postmarked no later than February 10, 2014*.

(*Id.* ¶ 22 (emphasis added).)

2

Setting an opt-out date before a final fairness hearing is not prejudicial to class members. *See, e.g., Bowling v. Pfizer, Inc*., 143 F.R.D. 141, 155 (S.D. Ohio 1992).  It similarly is not unfair to require class members to submit objections in advance of the final fairness hearing.  *Id*. at 156.  Indeed, requiring class members to submit objections on a set date in advance of the hearing allows class counsel to assess those objections before the filing of a motion for approval of the proposed settlement agreement.  *See id*.

Here, Mr. Edelson asserts that he is part of the Settlement Class.  He represents that he received the notice "[a]pproximately two months" before the opt-out date but he chose not to act.  (ECF No. 169 ¶ 5.)  Mr. Edelson is a practicing attorney.  (*Id*. ¶ 2.)  And although he asserts that he did not understand the technical aspects of the class notice, he does not assert that he made any attempt to remedy his alleged confusion (such as, for example, contacting class counsel or the Settlement Administrator in advance of the February 10, 2014 deadline).  In short, there are no equitable considerations that the Court can even consider in addressing Mr. Edelson's request for a retroactive extension of the February 10, 2014 deadline.

The February 10, 2014 deadline has come and gone.  On February 24, 2014, Plaintiffs filed a motion for final approval of the proposed settlement agreement.  (ECF No. 164.)  The motion addresses timely objections filed by individuals in a similar position as Mr. Edelson.  Defendants filed a response, which also addresses the timely objections, on that same day.  (ECF No. 167.)  Mr. Edelson's motion, dated February 20, 2014, and received by the Court on February 25, 2014, simply comes too late.

The Court **DENIES** Mr. Edelson's motion.  (ECF No. 168.)  Because Mr. Edelson did not submit timely objections, the Court also **DENIES AS MOOT** Mr. Edelson's request for a

3

telephonic hearing and/or to participate via telephone in the March 10, 2014 Final Fairness Hearing.

    **IT IS SO ORDERED**.

                                    **/s/ Gregory L. Frost**
                                    **GREGORY L. FROST**
                                    **UNITED STATES DISTRICT JUDGE**