UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: PORSCHE CARS NORTH AMERICA, INC., PLASTIC COOLANT TUBES PRODUCTS LIABILITY LITIGATION | Case No. 2:11-md-2233<br><br>JUDGE GREGORY L. FROST<br><br>Magistrate Judge Elizabeth P. Deavers |

This Document relates to ALL ACTIONS

## FINAL APPROVAL ORDER

WHEREAS, Plaintiffs have made a motion (the "Motion"), pursuant to Federal Rule of Civil Procedure 23, for an order finally approving the settlement of the above-captioned action, (the "Action"), in accordance with the Settlement Agreement and Release of Claims dated May 6, 2013 (including its exhibits and the modification ordered by this Court on March 10, 2014, the "Settlement"), which sets forth the terms and conditions for a proposed settlement of the Action and its dismissal with prejudice;

WHEREAS, Defendants Porsche Cars North America, Inc. ("PCNA") and Dr. Ing. h.c. F. Porsche AG (collectively referred to as "Defendants" or "Porsche") do not oppose Plaintiffs' Motion;

WHEREAS, on August 26, 2013, the Court entered an Order that preliminarily approved the Settlement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order") (ECF No. 147);

WHEREAS, due and adequate notice was given to the Settlement Class in compliance with the procedures set forth in the Settlement and Preliminary Approval Order;

WHEREAS, the Court conducted a fairness hearing on March 10, 2014 ("Fairness Hearing") to consider, among other things, whether the settlement of the Action on the terms and conditions provided for in the Settlement is fair, reasonable and adequate as to the Settlement Class Members and should be approved; whether the Judgment, as provided for in the Settlement, should be entered; the amount of attorneys' fees and costs, if any, that should be awarded to Settlement Class Counsel; and the amount of the service payments, if any, that should be awarded to the Representative Class Plaintiffs, as provided for in the Settlement;

WHEREAS, Objector Mary Ellen Kalange appeared at the Fairness Hearing to voice her objections, which she submitted to the Court on February 10, 2014 (ECF No. 161);

WHEREAS, counsel for Plaintiffs and counsel for PCNA responded to Ms. Kalange's objections at the Fairness Hearing;

WHEREAS, the Court has read and considered Plaintiffs' Motion, the Settlement, and all arguments, objections, and submissions related to the Motion and Settlement that were presented to the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Final Approval Order incorporates by reference the definitions in the Settlement, and all defined terms used herein shall have the same meanings as set forth in the Settlement.

2. The Court has subject matter jurisdiction over this Action and, for purposes of the Settlement only, has personal jurisdiction over the Parties, including all Settlement Class Member.

3. For purposes of the Settlement only, the Court hereby certifies the "Settlement Class" defined as:

2

All persons in the United States who currently own or lease, or who previously owned or leased, a Class Vehicle. Excluded from the Settlement Class are the following: (a) officers and directors of PCNA; (b) the judge to whom this Action is assigned and any member of that judge's immediate family; (c) persons with personal injury claims; and (d) persons who have submitted a timely and valid request for exclusion from the Settlement Class.

"Class Vehicle(s)" consists of model year 2003 to 2006 Porsche Cayenne vehicles with V8 engines (all types), manufactured between January 28, 2002 and December 5, 2006.

The Settlement Class is certified pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedures set forth in the Preliminary Approval Order (identified in Exhibit 1 hereto) (the "Opt-Outs").

4. The Court finds, solely for purposes of the Settlement, that the Action may be maintained as a class action on behalf of the Settlement Class because: (a) the members of the Settlement Class are so numerous that joinder of all members of Settlement Class is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class that predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of those members of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of all the members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court finds that any applicable requirements of the Class Action Fairness Act have been met.

3

6. The Court finds that the form and manner of disseminating class Notice to Settlement Class Members and the methodologies for identifying Settlement Class Members were consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and any other applicable laws.

7. The parties indicated at the Fairness Hearing that they will be mailing a "reminder notice" to all Settlement Class Members reminding them that all claims pursuant to the Settlement must be submitted on or before December 12, 2014. The parties are instructed to forward the reminder notice to the Court for approval prior to mailing.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and consistent with due process, the Court hereby approves the Settlement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class Members. The Court approves the Settlement upon consideration of the following factors:

   a. The Settlement is the product of good-faith, arm's-length negotiations by the Parties, with the substantial involvement of an independent, experienced and respected mediator, and each Party was represented by experienced counsel.

   b. The litigation presented complex questions of law, including the products liability law of various states and the issue of personal jurisdiction over Porsche AG.

   c. At the time the parties agreed to the Settlement, the litigation was in the early stages of proceedings. Jurisdiction had not yet been established over Porsche AG, and the case against PCNA had only recently gotten past the motion to dismiss stage.

4

d. Liability against Defendants was far from certain. In the Court's July 19, 2012 Order on PCNA's motion to dismiss, the Court dismissed about half of Plaintiff's thirty-two claims for relief. Many of the claims that remained in the litigation turned on the issue of whether the alleged defect presents a safety concern, which would have been a difficult issue to prove at trial.

e. Settlement Class Counsel, the Representative Class Plaintiffs, and the mediator that assisted the Parties in reaching the Settlement all believe that the Settlement is fair, adequate, and reasonable.

f. There are approximately 42,000 Class Vehicles in the United States. Notice was sent to approximately 167,544 potential owners and lessees of those Class Vehicles. As of February 24, 2014, 3,818 Settlement Class Members had submitted claims. Conversely, only four individuals elected to opt out of the Settlement, and only twelve individuals (including Ms. Kalange) submitted objections. The minimal numbers of objectors/Opt-Outs suggests that the Settlement is fair, adequate, and reasonable.

g. The Settlement is in the public interest because Settlement Class Members are encouraged to replace their allegedly defective coolant tubes before they fail.

9. The Court has considered and hereby overrules each objection to the Settlement for lack of merit. Specifically, the Court notes that the Settlement is a reasonable compromise of disputed facts and claims that adequately represents the value in avoiding prolonged and risky litigation that could result in no compensation to any Settlement Class Member. Given the fact that many states require privity with the manufacturer in order to recover for products liability claims, it is reasonable that purchasers of used vehicles will receive less in the Settlement than

5

purchasers of new vehicles or those purchased through the Porsche Approved Certified Pre-Owned Program. Similarly, given PCNA's arguments in its motion to dismiss that the coolant tubes are not defective and that all relevant warranties have expired, it is reasonable to vary reimbursement amounts based on mileage. Finally, it is reasonable to require that repairs be done at authorized Porsche dealerships, as those dealerships are in the best position to ensure that all repairs are done correctly.

10. In addition to considering the written objections that Ms. Kalange submitted (ECF No. 161), the Court has considered the oral argument Ms. Kalange made in support of her objections at the Fairness Hearing. Specifically, Ms. Kalange argued that Defendants acted unethically by, *inter alia*, equipping Class Vehicles with allegedly defective coolant tubes and then refusing to inform Porsche owners of the need to replace their coolant tubes. Ms. Kalange noted that her 2005 Porsche Cayenne Turbo suffered coolant tube and engine failure while travelling and towing another vehicle. Ms. Kalange also made several allegations against Porsche AG, including the allegation that Porsche AG is not listed as a manufacturer on the National Highway Traffic Safety Administration's website such that it is importing vehicles illegally into the United States.

11. The Court overrules Ms. Kalange's objections. To the extent Ms. Kalange believes that her coolant tube/engine failure presented a unique situation, she was free to opt out of the Settlement Class and pursue damages (including punitive damages) on her own. Ms. Kalange chose not to do so. Her remaining objections and allegations do not affect the Court's conclusion that the Settlement provides a fair, reasonable, and adequate benefit to Settlement Class Members. Ms. Kalange's objections ignore the reality that, absent the Settlement, it would be several years and a substantial amount of legal fees before the case was resolved, all with no

6

guarantee that Settlement Class Members would receive any recovery.[1] The fact that almost 4,000 Settlement Class Members have already submitted claims pursuant to the Settlement only underscores the Court's conclusion that one individual's desire to punish Defendants is not grounds to disapprove an otherwise fair, adequate, and reasonable Settlement.

12. Because the Settlement is fair, adequate, and reasonable, the Parties are hereby directed to perform and enforce its terms and conditions.

13. The Court finds that the Representative Class Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class.

14. The Court finds that Settlement Class Counsel have and will fairly and adequately represent the interests of the Settlement Class. The Court authorizes Settlement Class Counsel to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Settlement to effectuate its terms.

15. The Court has reviewed the materials submitted by Plaintiffs in support of their unopposed request for an award to Settlement Class Counsel in the amount of $4,750,000 in fees and costs. The breakdown of the $4,750,000 is as follows: $4,500,000 in attorneys' fees and $250,000 in costs, which includes a $5,000 service payment to each of the twenty Representative Class Plaintiffs (collectively, the "Requested Award"). The $4,500,000 in attorneys' fees represents approximately $3,713,191.00 in fees as of March 10, 2014, multiplied by an unopposed multiplier of 1.21. (ECF No. 180.) The $250,000 in costs represents $100,000 in service payments in addition to various litigation costs, which are explained more fully in

---

[1] There similarly is no guarantee that Ms. Kalange's desire to "punish" Porsche AG would have come to fruition had the litigation proceeded because it is unclear whether Porsche AG would have been subject to personal jurisdiction in this Court. Indeed, at the time the parties agreed to the Settlement, Porsche AG's motion to dismiss for lack of personal jurisdiction was still pending. (ECF No. 63.)

7

Plaintiffs' Supplemental Application for Reimbursement of Costs, Expenses, and Named Plaintiffs' Service Payments. (ECF No. 179.)

16. Having considered the materials submitted by Settlement Class Counsel and the arguments presented at the Fairness Hearing, the Court approves the Requested Award, to be paid by PCNA within ten days of the Effective Date of Settlement, or upon the exhaustion of all appeals, if any, arising out of the award of attorneys' fees, costs and expenses or the award of Representative Class Plaintiffs' service fees, whichever is later. The Court finds the Requested Award appropriate based on the following factors:

(a) The Settlement provides substantial benefits for the class. Indeed, according to Plaintiffs' expert Dr. Harvey S. Rosen, the value of the Settlement is $36,664,505.00. (ECF No. 152-1.)

(b) The requested fee is consistent with the total lodestar fees of Settlement Class Counsel, based on the declarations submitted to the Court, multiplied by a reasonable multiplier of 1.21.

(c) The Requested Award of attorneys' fees and costs is within the range of reasonable fees for similar class action settlements.

(d) This litigation raised numerous questions of law and fact, Settlement Class Counsel were opposed by highly skilled defense counsel, the litigation was intensely contested through the completion of the Settlement, and there was substantial risk that Plaintiffs would not prevail on some or all of their claims.

(e) The Settlement was negotiated at arm's-length and without collusion, with the assistance of a highly qualified mediator.

8

(f) The Requested Award was negotiated after the Settlement was fully negotiated, at arm's length and with the assistance of a highly qualified mediator. The attorneys' fees, costs, and Representative Class Plaintiffs' service payments will be paid in addition to and will not diminish the Settlement benefits available to Settlement Class Members.

17. The Court authorizes Settlement Class Counsel to distribute the attorneys' fees and costs among Plaintiffs' counsel based on their discretion. Nevertheless, Class Counsel and the Representative Class Plaintiffs will provide an executed W-9 tax form to PCNA promptly following final approval of the Settlement by the Court prior to payment of any fees, costs or service payments. PCNA shall deliver the fee award and service payments to Class Counsel, who will be solely responsible for allocating said funds to the Representative Class Plaintiffs and to Settlement Class Counsel.

18. The Court contemporaneously dismisses with prejudice on the merits and without costs (except as otherwise provided in the Settlement and this Final Approval Order) the above-captioned Action (subject to retention of jurisdiction to enforce the Settlement as described in the Settlement), by entry of the Final Judgment and Order of Dismissal.

19. Upon the Effective Date of the Settlement, the Representative Class Plaintiffs and each Class Member who has not opted out of the Settlement in accordance with its terms are deemed to have released any and all claims, including demands, rights, liabilities, and causes of action, of every nature and description, that were asserted or could have been asserted in the Action, which relate to or arise from an alleged defect in the Coolant Pipes of the Class Vehicles, except any claims for personal injury.

9

20.     Upon the Effective Date of the Settlement, the Representative Class Plaintiffs and Settlement Class Members who have not opted out of the Settlement in accordance with its terms are deemed to have released, discharged, and waived, and covenant not to sue, the Released Parties regarding any of the Released Claims.[2] This release includes all such claims that the Representative Class Plaintiffs and Settlement Class Members do not know of or suspect to exist in their favor at the time of this release and that, if known by them, might have affected their settlement and release of the Released Parties, or might have affected their decision not to object to the Settlement.  The foregoing waiver includes without limitation an express waiver, to the fullest extent permitted by law, of any and all rights conferred by section 1542 of the California Civil Code, which provides:

> Section 1542.  <u>General Release, extent</u>.  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The foregoing waiver also includes without limitation an express waiver, to the fullest extent permitted by law, of any and all rights under any law of any state or territory of the United States, including the District of Columbia, and any federal law or principle of common law or equity, or of international foreign law, that is comparable to section 1542 of the California Civil Code.  The Representative Class Plaintiffs and Settlement Class Members recognize that even if they later discover facts in addition to or different from those they know or believe to be true, they nevertheless agree that upon entry of the Final Approval Order and Judgment, the

---

[2] Ms. Kalange also stated repeatedly at the Fairness Hearing that the Settlement does not apply to claims against Porsche AG.  That is false.  Paragraph 18 of the Settlement clearly defines "Released Parties" to include PCNA "and its direct and indirect parents, subsidiaries, affiliates, officers, directors, agents, authorized Porsche dealers, attorneys, and all other persons or entities acting on their behalf, suppliers, licensors, licensees, distributors, assemblers, partners, component part designers, manufacturers, holding companies, joint venturers, partners, and any individuals or entities involved in the chain of design, development, testing, manufacturer, sale, assembly, distribution, marketing, advertising, financing, warranty, repair, and maintenance of the Class Vehicles and their component parts.'" (ECF No. 134 ¶ 18.)  Porsche AG is included within that definition.

Representative Class Plaintiffs and Settlement Class members fully, finally, and forever settle and release any and all of the Released Claims.

21. This Final Approval Order, the Settlement, and any act performed or document executed pursuant to, in furtherance thereof:

(a) Will not be offered or received against any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by any of the Released Parties as to the truth or relevance of any fact alleged by Plaintiffs, the existence of any class alleged by Plaintiffs, the propriety of class certification had the Action been litigated rather than settled, or the validity of any claim that has been or could have been asserted in the Action or in any other litigation, or the validity of any defense, including, but not limited to, lack of personal jurisdiction, that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or wrongdoing of any of the Released Parties;

(b) Will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing whatsoever, by Defendants or any of the other Released Parties, or of the truth of any of the claims or allegations in this Action. Evidence relating to the Settlement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Settlement, this Final Approval Order, and/or the Final Judgment and Order of Dismissal; and

(c) Will not be construed against Defendants or any of the Released Parties as an admission or concession that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial.

11

22. Upon the Effective Date of the Settlement, the Court will discharge the Released Parties from all further liability to Settlement Class Members with respect to the Released Claims, subject to the Parties' ongoing obligations to perform and enforce the terms and conditions of the Settlement.

23. Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members (directly or indirectly, individually or collectively, representatively, derivatively, or on behalf of them, or in any other capacity of any kind whatsoever) are permanently enjoined from commencing, instituting, continuing, pursing, maintaining, prosecuting, bringing, joining or enforcing, directly or indirectly, in any judicial, administrative, arbitral, or other forum, any Released Claim(s) or any claim(s) relating to any action taken by a Released Party that is authorized or required by the Agreement or this Order. However, this injunction shall not apply to the claims of Opt-Outs.

24. Without affecting the finality of this Final Approval Order in any way, the Court retains continuing jurisdiction to implement the Settlement and to construe, enforce, and administer the Settlement. Settlement Class Counsel will continue in their role to oversee all aspects of the Settlement. Upon notice to Settlement Class Counsel, Defendants may seek from the Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order.

25. If the Effective Date of Settlement, as defined in the Settlement, does not occur for any reason whatsoever, this Order and Preliminary Approval Order shall be deemed vacated and shall have no force or effect whatsoever.

26. If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made, and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

DATED: March 19, 2014

By: /s/ Gregory L. Frost
Hon. Gregory L. Frost
UNITED STATES DISTRICT JUDGE